## Fultz and Wife *vs* Fox.

### Error to the Jefferson Circuit.

*Husband and wife, Debts of Femes Covert.*

**Judge Simpson** delivered the opinion of the Court.

In 1841. Ildagertha S .and, Mary E. Welsh, two unmarried females, executed a joint and several note to Jacob Fox, for the sum of fifty dollars, payable three months after date.    In 1843, Ildagertha was married to M. J. Fultz.

In February 1846, an act was passed, entitled an "act further to protect the rights of married women," (*Session acts* 1845—6 *page* 42.)    By the 4th Sect. of this act it is enacted, "that the estate and property of the husband shall not be subject to the payment of any contract, liabilities, damages or debts, incurred by the wife prior to marriage."

In June 1846, Fox commenced a suit on the note before a Justice of the Peace, against Fultz and wife, and Mary E. Welsh, the latter was not served with process, and a judgment having been rendered in favor of Fultz and wife, Fox appealed to the Circuit Court.    Upon the trial in the Circuit Court, the facts and law were submitted to the Court, without the intervention of a jury. It was admitted that Fultz had never acquired or received any money, property or estate of any kind by his wife.    The Circuit Court having rendered a judgment against Fultz and wife, they have prosecuted a writ of error to the judgment with a supersedias.

The decision of this case involves a construction of the act of 1846, in reference to its intended effect upon the liability of a husband, who was married at the time of its passage; and the constitutionality of its provisions, exempting the husband from an existing liability, if such be its designs and contemplated operation.

If it be possible to do it consistently with the intention of the Legislature, an act should be so construed,

The question involved in the case.

The statute of 1846, exempting the property of

FULTZ AND WIFE
*vs*
FAX.

the husband from
liability to the
debts of the wife
before marriage,
is not in viola-
tion of the con-
stitution, it is
not an impairing
of the obligation
of the contract.

as not to have a retrospective operation and effect. But the language of the section of the act in question, is not susceptible of this construction. An examination of the previous section, in connection with the one under consideration, makes it perfectly obvious, that it was the intention of the Legislature, it should have an immediate effect. The 4th section exempts the estate of the husband, from all liability for the debts of the wife created before marriage. It is an immediate exemption, not one intended to apply merely in the future. It embraces those who were husbands at the time, as well as those who might subsequently enter into the marital relation. It cannot be confined to the latter class without doing violence to the language used, and also disregarding the evident intention of the Legislature, as collected from the provisions of the third section of the act.

Is the 4th section of the act thus understood, unconstitutional? Is the change in the law effected by it, of such a character, as to impair the obligation of a contract or to divest or destroy a vested right?

As the law stood previous to the passage of the act, the debt of a *feme sole* was not, on her marriage, considered as transferred to her husband. If it had been, he or his executor would have been liable after the termination of the coverture. The debt remained hers, notwithstanding her marriage, and upon her husbands death, if the debt was unpaid, her liability existed, as it had done prior to her marriage. The contract was the contract of the wife, and not of the husband, and therefor the law exempting his estate from the payment of the debt, cannot be regarded as having the effect of impairing the obligation of the contract.

The obligation of
the husband for
the debts of the
wife created be-
fore marriage, is
not absolute but
contingent. The
death of the hus-
band or the wife
destroys the lia-
bility.

In order to determine whether this change in the law, destroyed or violated any vested right, it is necessary to ascertain the nature of the husband's liability, for the debts of the wife incurred prior to the marriage, and the extent of the creditor's right to the husband's estate for their payment. The liability of the husband was only contingent. The death of either himself or his wife destroyed the liability. The principle upon which he was liable for the debts of the wife, was not that he

was entitled to her property, or that she was consider-ed unable to pay her debts in consequence of her property having passed to her husband. If her inability to pay rendered him liable, then in the event of his death, she having been by reason of her marriage rendered utterly incapable of paying her debts, would not have been liable, but the executor of the husband would have been. The reason for holding the husband liable originally was, the debtor being liable to imprisonment for the non-payment of a debt, the wife could not be imprisoned upon civil process, without her husband's it therefore became necessary that he should be joined in the suit with the wife, that judgment might be rendered against them both. As he was entitled to her personal property and the usufruct of her real estate the law would not, by imprisoning her alone, place her in a condition altogether dependant on the good will of her husband. They were both to be imprisoned, and thereby a sufficient inducement afforded, to cause the husband to pay the debt, for their mutual release. Reeves Domestic Relations page 69, are the authorities referred to.

The protection of the wife, and not the advantage of the creditor was the true foundation of the husband's liability. The reason for imposing the liability on the husband ceased, when the law authorizing imprisonment for debt was abolished. But the principle having been established, and its application being proper on the ground of the wife's disability, it was still continued in use, notwithstanding the change in the law had removed the cause in which it originated.

*The protection of the wife and not the benefit of the creditor, was the original ground of the liability of the husband.*

The contract with the wife, when unmarried can create no claim, or right to the property of the husband who afterwards marries her. The contract is not founded upon the liability of his property to the payment of the debt, but alone upon the faith of her ability to pay it. The creditor then can have no claim to the husband's estate growing out of the contract with the wife.

Considering the object of the law in subjecting the husband to this liability, and its adventitious contingent and limited character, its existence would not seem to

create such a right in the creditor, as to forbid a change in the law on the subject, even when the liability as in the present case, existed at the time the change was effected.

But the change in the law produced by the act of 1846 instead of operating to the prejudice of the creditors of the wife, will in a large majority of cases be beneficial to them. Her slaves and land notwithstanding her marriage remain liable for her debts. The slaves do not as they did previouly, become the property of the husband, and liable for his debts. The sudden and unexpected death of the husband, does not, as theretofore, deprive the creditor of the wife of all claim on the estate which belonged to his debtor at the time the debt was created. It continues in the hands of the wife, as her own property, and subject to her debts during the coverture, and after the death of the husband.

*The slaves of a wife since the statute of 1846, will be liable to the satisfaction of the debts of the wife created before coverture.*

We do not, therefore, consider this provision of the act unconstitutional. Whether or not all its enactments are constitutional, with reference to the various parties who may be prejudicially affected by them, we are not now called upon to decide.

It does not necessarily ensue, however, from this change in the law, that the mode of proceeding by suit against husband and wife jointly, has undergone any alteration. As it is the duty of the husband to protect the rights and interests of the wife, he should be joined in the suit, for the purpose of attending to such defense, if any, as may exist against the claim asserted. But the judgment, when rendered, should show that it is founded on a liability of the wife incurred prior to her marriage, and that her estate, and not the estate of the husband, is subject to its payment.

*The passage of the statute of 1846, does not require any change in the mode of proceeding against husband and wife for the debts of the wife, other than that the judgment should show how it is to be levied.*

The judgment having been entered in this case without any qualification, whereby the estate of the husband is made liable for its payment, is erroneous.

Wherefore, the judgment is reversed, and cause remanded, that a judgment may be rendered as herein indicated.

*Morris* for plaintiff; *Boone* for defendant.