JUDGE STITES
delivered the opinion of the court:
This action was brought by the holder against the makers of a promissory note and the husband of one of the makers, who was a feme sole when she executed the note, but had subsequently intermarried, and was covert when the suit began.
The petition sets forth the note, avers by whpm and when it was made, states the fact of the subsequent intermarriage of one of the makers, and makes the husband a co-defendant. It also avers the non-payment of the note, and prays judgment, &c. No averment is made, however, that the husband acquired any property by his wife.
The husband demurred, and his demurrer was sustained, and leave given to the plaintiff to amend. The plaintiff declining to amend, the petition was dismissed, as to the husband, without prejudice.
The wife then answered, relying solely on her coverture when the suit was brought. This answer was adjudged good on demurrer, and the suit having been dismissed as to her without prejudice, the plaintiff has brought the case up.
Whether the petition and answer are sufficient, is the only inquiry we have to make.
By the law, prior to the act of 1846, {Sess. Acts, 1845-46, p'p. 42-43,) an action was not maintainable against the wife dur *70 ing coverture, upon contracts made whilst sole. It had to be brought against the. husband. The act supra, though it declared that “ the estate and property of the husband shall not be subject to the payment of any contract, liabilities, damages, or debts, incurred by the wife prior to marriage,” did not affect the mode of proceeding theretofore observed in such cases. The husband was still deemed a necessary party, as expressly held by this court in Fultz vs. Fox, (9 Ben. Mon., 502.)
The Civil Code (sec. 49) provides that, “when a married woman is a party, her husband must be joined with her, except that, when the action concerns her separate property, she may sue alone.” No doubt exists, therefore, that Miller was an indispensable party, and that the proceeding could not have been maintained against his wife without joining him as a co-defendant.
The next question that arises is, is it necessary, in order to maintain an action against the husband and wife upon the contract of the latter, made dum sola,' to aver that the former has received property by his wife? We say not. •
If the averment is necessary, it must be supported by proof, if denied, and the result would be, that a creditor of the wife before marriage could never, during the coverture, convert his simple contract debt into a judgment until the reception by the husband of some property derived through the wife. The rights of such creditor would, for the time being, be virtually suspended. If he sues, he is compelled to make the husband a defendant, otherwise he goes out of coui’t for failing to make the necessary parties. If he makes him a defendant, and cannot aver the reception of property belonging to the wife, according to the view contended for, he must still go out, so far as the husband is concerned. And then, as in this case, he cannot recover a judgment against the wife, because she chooses to allege in her answer, what was evident in the petition, that she was sole when the contract was made, but covert when the suit commenced.
We are unwilling to admit that such consequences result to the creditors of wives before marriage, either' from the act of *71 1846, supra, or the provisions of tbe Revised Statutes, (p. 388,) wbi'ch, in regard to this question, are substantially similar.
The petition was, in our opinion, sufficient, and, in the absence of a valid defense, entitled the plaintiff to a judgment against the husband and wife; but as to the husband, to be levied only upon property that came to him by his wife, or that might thereafter come. For such judgment, we have direct authority in the case of Fultz vs. Fox, supra.
The answer of the wife presents no bar to the action, nor does it even operate as a dilatory plea. Her coverture, since the creation of the debt, affords no protection in such cases from the judgment as indicated.
Our opinion is, therefore, that the court erred in sustaining the demurrer to the petition, and in overruling that to the answer.
Wherefore, the judgment is reversed as to Miller and wife, and cause remanded for further proceedings not inconsistent with this opinion.