WILLIAM HURST *v.* JACOB KELLAR ET AL.

**Trial—Permitting Witness to Correct His Testimony After Case Closed.**
    If a witness be permitted to correct or explain his evidence after a
case is closed, and in doing so he gives evidence and makes statements
bearing on the merits of the case, which he had not previously made and
calculated to have some effect on the jury, it is error to overrule a
motion for a new trial.

**Same—New Trial.**
    The opposing litigant should be permitted the opportunity to rebut
such new evidence, and not be restricted to immediate action, but should
be allowed a reasonable time in which to do so.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 24, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Of the various causes filed as grounds for a new trial, those
numbered 3, 4 and 5 only need to be noticed, which refer to the
surprise produced by the statements of the witness, Hahn, made
on Monday morning after the argument and submission of the
case to the jury on Saturday before by way of correcting the evi-
dence given by him before the case was submitted, introducing
new and important matter, and which appellant had no oppor-
tunity then to rebut.

On his examination Hahn proved that he made brick on the
lot in controversy in 1843, that there was then no fence on it.

That in 1857 he built the sewer along York street to the inter-
section of the old Saratoga street, or Flat Lick road, and he cleared
out the ditch down to Seventh street, along York, and had to use
a great quantity of heavy flagging stone, these he laid nearest the
sewer, and his brick he laid on the lots as near as possible to his
work, that he took up a curbstone so as to get out of Fifth street,
which was then improved, and hauled his brick on to the lot in
controversy, passing with his carts on the north side of the negro
church then on the lot and dumped them down on said lot.   The

carts could have passed out on to York street in the rear of the church, but he could not say whether they did or not, as well as he recollected there was no fence on the front end of the lot from Mrs. Borie's house to the church, he saw the remnants of some old posts. The ruins of an old fence were to be seen in the rear of said lot. When he first knew the lot in controversy it was in possession of Nancy Hosletter, she had brick made on it.

On Monday morning when the jury assembled, the judge remarked that Mr. Hahn was present and desired to correct his testimony, and no objection being made, the court told him to proceed. When he said he had made a mistake in saying that he made or built a sewer in York street from Fifth to Sixth street, and had made a mistake in saying he hauled in brick from York street upon defendant's land. He said he made the intersection of the sewer at York and Fifth strets in 1857. And he deposited the brick which he used in making the intersection upon the lot in dispute, that he took up a curbstone on the west of Saratoga street, and drew in the brick at the opening.

One of the attorneys for defendant attempted to ask the witness a question, but the court interposed and said if the jury desired to interrogate the witness they could do so. And in reply to a question asked him by a juror he said he drew in the brick on the north side of the church.

The court below correctly permitted the witness to correct his testimony. But the evidence and argument of counsel had been closed, and after being in their room some time, and not being able to agree, they were adjourned over till Monday morning, the case having been submitted to them on Saturday evening. In correcting his previous testimony the witness made statements bearing on the merits of the case, which he had not previously made, and were calculated to have some effect on the jury, indeed, it may be that it had the effect to pronounce a verdict different altogether from what it would have been if this new evidence had not been introduced. And no cross-examination was permitted by the court.

Appellant presented his own affidavit and also that of L. Wilson, on his motion for a new trial, in which the affiants both state that Saratoga street never was paved or curbed. Wilson has lived on York street within 100 feet of the lot sued for, for a number of years, and had the best opportunity of being well informed on

the subject, seems to be an intelligent man and has presented a map or plat of the lot in dispute and the streets and grounds adjacent to and around it, showing his thorough knowledge of the facts about which he was speaking, which are in conflict with the statements of the witness, Hahn.

Other irregularities, to say the least of them, occurred during the trial. And under all the circumstances justice to appellant would seem to require that he should be allowed the opportunity to rebut, or explain the new evidence given on Monday morning, after the case had been submitted to the jury and they adjourned over. And that a new trial should have been awarded him.

In Henderson, etc., vs. Robison, 9 B. Mon., 502, this court said if after the argument of a case is closed, and a witness be permitted to correct, or explain his evidence, and in doing so he gives evidence not previously given, and calculated to have an effect on the jury, the opposite party should be permitted to show by other proof that the statements ought not to be regarded. In that case the opposite party offered then to show from a bill of exceptions then in court, that the witness had made statements previously, in conflict with what he then said. But it may often be the case that the opposing party would not always be prepared in court with the evidence to rebut the corrected statement. And justice seems to require that he should have a reasonable opportunity to do so, even if it should result in a new trial.

Wherefore, the judgment is reversed and the cause is remanded with directions to award to appellant a new trial and for further proceedings consistent herewith.

*Marshall, Greene, for appellant.*

*Harrison & Burnett, Stirman, for appellees.*