## DeLand v. BLYNN ET AL. AND BUTTING v. BLYNN.

**Husband and Wife—Ante-Nuptial Debts—Liability of Husband.**

Under § 3, art. 3, ch. 47 R. S., a husband is liable for the antenuptial debts, of his wife to the extent of her property received by him, exclusive of real estate and slaves.

**Husband and Wife—Wife's Ante-Nuptial Debts—Judgment Against Husband.**

In a suit against a husband for ante-nuptial debts of the wife, judgment should not be rendered against him to be levied on the property in his hands received by or through the wife, since all the property of the husband subject to execution is liable within the limits fixed by the statute.

March 31, 1874.

Opinion by Judge Lindsay:

By Sec. 3, Art. 2, Chap. 47, Rev. Stat., the common-law liability of the husband for the debts of the wife created before marriage was absolutely abrogated, and a liability prescribed. By this new standard the husband was made responsible for the ante-nuptial debts of his wife, to the amount or value of whatever he may receive by her, independent of real estate or slaves, and no further. If he receives nothing he incurs no liability, and cannot be subjected to the costs and annoyances of litigation. If the petition does not disclose the fact that some estate, other than realty or slaves, has come to the hands of the husband by reason of his marriage, no cause of action against him will be presented. The doctrine accords with the language of the statute, and was recognized as correct in the case of Husbands v. Bullock's Adm'r. We do not concur with the reasoning nor in the conclusion of the court in the case of Beaumont v. Miller et al., 1 Met. 68, nor do we think that case in any degree is supported by the case of Fultz & Wife v. Fox, 9 B. Mon. 499.

To render a judgment against the husband, to be levied of assets in his hands received by or through the wife, is a mere idle form. As soon as her personal estate is reduced to possession it becomes the property of the husband, and is no more liable in his hands for her debts than any other estate he may own. All property owned by him, and not exempt from the payment of debts, is liable for the wife's debts contracted before marriage, to the amount fixed by the statute; and as the creditor derives his right to sue the husband from the statute, his petition must show that he has a right of action under its provisions. Otherwise his petition will not be good.

Nor will this construction result in prejudice to the rights of creditors, in case the husband declines to exercise his right to re-

duce his wife's personalty to possession. In such a case her personalty, like her real estate, can be reached by a proceeding in equity.

For these reasons we adhere to the opinion heretofore delivered in these causes.

The petitions for a rehearing are overruled.

*Hoenshell, for appellants.*

*Root & Hawkins, for appellee.*