CASE 70—PETITION ORDINARY—MAY 12.

# Medley, &c., v. Tandy.

### APPEAL FROM CARROLL CIRCUIT COURT.

1. SURETIES—HUSBAND AND WIFE.—The written notice by a surety to the creditor requiring him to sue, provided for by section 11 of chapter 104 of the General Statutes, may be given by the husband in his own name where the wife is surety by virtue of a contract made before marriage.

2. A SURETY HAVING BEEN RELEASED by the creditor's failure to sue at the next term at which he could have sued after receiving notice to sue, a subsequent request by the surety not to sue did not revive his liability.

3. HUSBAND AND WIFE—JUDGMENT.—A judgment may be rendered against the husband for the wife's antenuptial debts, to be levied only on such property as he may have received from her by virtue of their marriage, without an allegation that he has received any personal estate from her.

W. MONTFORT FOR APPELLANTS.

1. As the husband is liable for debts of the wife contracted *dum sola* to the extent of property acquired by the marriage, it follows that an issue must be tendered him. It must be alleged that he acquired more than enough to pay the debt, or that he acquired enough to pay part of it, or that he took nothing, so that when judgment is rendered it may be for a certain sum, and not leave the sheriff to pass upon the husband's title to property. (General Statutes, chapter 52, article 2, section 4.)

   Same point *urged* in petition for modification of opinion, and the case of Beaumont v. Miller, 1 Met., 68, commented on.

2. The notice to sue given by the husband alone was sufficient. It was not necessary for the wife to join.

Medley, &c., v. Tandy.

W. M. FISHER of counsel on same side.

J. W. RODMAN for appellee.

1. The notice given by the *husband* of the surety was not such as is contemplated by statute, The notice should be clear and perspicuous, and should be served by giving a copy to the creditor, and reserving a copy to the surety as evidence. Moreover, the surety herself, and not her husband, should have given the notice.

2. There was no such waiver of notice by the creditor as is contemplated by statute.

MASTERSON & GAUNT on same side.

1. Where a married woman is surety, a notice given by her husband to the creditor requiring him to sue does not satisfy the requirements of the statute. (Gen. Stats., chap. 104, sec. 11.)

2. If the notice given by the husband was sufficient, it was withdrawn by him and his wife.

3. The judgment was proper in so far as it was directed to be levied only on such property as he may have acquired from the wife by virtue of his marriage with her; and in any event is not prejudicial. (Foltz v. Fox, 9 B. M., 502; Beaumont v. Miller, 1 Met., 68; Ransom v. Milwood, 5 Ky. Law Rep., 252.)

JUDGE BENNETT delivered the opinion of the court.

The appellee instituted suit in the Carroll circuit court against the appellants, Herman Medley and his wife Amanda, and E. J. Sanders, for the purpose of recovering judgment on a promissory note dated the twenty-third day of August, 1880, and due twelve months after date, and executed to the appellee by E. J. Sanders and the appellant Amanda, while she was a *feme sole*.

Sanders made no defense, and judgment was rendered against him by default. The appellants defended the suit and asked to be relieved from the payment of the note upon the ground that the appellant Amanda was only the surety of Sanders; and that after her marriage with the appellant Herman Medley, he instructed

the appellee in person, by writing, to sue on said note, as he and his wife did not wish to be bound for the debt any longer. The appellee, in his reply, did not deny that the appellant Amanda was only the surety of Sanders. Besides, the proof abundantly shows that fact. The appellee, in his reply, denied that he had been instructed by writing to bring suit on the note. He also alleged that, in a few days after the alleged instruction, the appellants verbally requested him not to sue on the note, and, in obedience to that request, he did not sue. Issue was joined on the latter plea.

A jury trial resulted in a verdict and judgment thereon for the appellee, and the appellants' motion for a new trial having been overruled, they have appealed.

Chapter 104, section 11, of the General Statutes provides, in substance, that if a surety, by notice in writing, served in person on the creditor, requires him to sue, and if he fails to sue after receiving such notice, to the next term of a court having jurisdiction, at which he can obtain judgment, then such failure releases the surety from all liability on the obligation.

The proof, as it appears in the record, shows conclusively that about the first of August, 1883, the appellant Herman Medley, by written notice addressed to the appellee, which he received, directed him to sue on the note.

The appellant swears that such was the substance of the written notice, and the appellee's sons, who saw the notice after appellee received it, swear that such was its substance. No witness contradicts this testimony.

But it is contended that, as the written notice was signed by the appellant Herman Medley alone, who

was not personally bound on the note, the notice was not such as the statute requires, and, therefore, placed the appellee under no obligation to sue. We cannot concur in this construction of the statute. For, by chapter 52, article 2, section 4, of the General Statutes, the husband is liable for any debt or responsibility of the wife, contracted or incurred before marriage, to the amount or value of whatever he may receive by her independent of her real estate. And, by section 1 of the same article, the husband has power to rent the real estate of his wife, for not more than three years at a time, and receive the rent, and if he appropriates such rent to his own use, he is liable to that extent for the debts of his wife contracted before marriage. He is also entitled to the use of his wife's real estate during her life, and after her death he is entitled to curtesy in her real estate, provided he has reduced it to possession during her life-time, and there has been issue born of the marriage.

Also, her real estate being liable for her debts contracted before marriage, and the husband's right to its use during her life, and his right of curtesy therein, being held subject to the right of the wife's antenuptial creditors to have the land itself taken and applied to the payment of their demands, it follows that he may be deprived of his right to the use of the land during the life of his wife, and his right of curtesy therein, by the land itself being subjected to her debts contracted before marriage. Also, his right to the use of the land during his wife's life being but a chattel interest, he may be made liable to the extent of the value of such use for any debt of hers contracted

before marriage. For these reasons, if there were none other, the husband has a direct pecuniary interest in protecting his wife's estate from unjust demands, and to prevent her being made liable for unjust antenuptial debts, and to take such action as the law allows to relieve her from her antenuptial liabilities. So, to deny him such remedies as his wife would have, were she still a *feme sole*, for her protection, would be manifestly unjust.

But, by virtue of the marital relation, it is the right and duty of the husband to protect and guard the interest of his wife ; to shield her estate from unjust demands ; to take all legal steps to protect her property interest, and her legal rights growing out of her contracts or otherwise. And when she is sued, to join with her, and make all proper defenses for her. This duty is enjoined upon him by virtue of his marital relation. The law gives him this right for the protection of his wife and her property interests, which he can not neglect without violating his duty, and which duty he can discharge independently of the wishes of his wife.

For these reasons, also, the husband should not be denied the right to resort to any remedy the wife would have had for her protection had she remained a *feme sole*.

It was, therefore, legitimate for the appellant Herman Medley, in his own name and in his own personal right, as well as that of his marital right, to give the notice to the appellee to sue. And, if he gave said notice in either capacity it was sufficient, and the jury should have been so instructed.

As to the defense that within a few days after the notice was given the appellants verbally requested the appellee not to sue, the appellant Herman Medley swears that neither he nor his wife made such request.

The appellee, on account of his affliction, did not swear in the case, and there is no proof whatever contradicting that of the appellee. · Nor is there any proof that the appellee and the appellants, or either of the latter, ever had an interview relative to that matter. The burden of proof to establish that fact was on the appellee. And the only evidence introduced by the appellee was that given by his son-in-law, Mr. Williams. He swore that after the fall term, 1884, of the Carroll circuit court, which was long after the appellee was notified to sue, the appellant Herman Medley told him that "he was sorry that he had not made Tandy sue before." The appellant flatly denies this. The witness concludes his evidence by saying that "Medley at all times told me, when he spoke of the matter, that any waiting on Sanders was without his consent, and always told me to sue." Now, the notice having been given to sue, which is established beyond a reasonable doubt, and the improbability of the. appellants, without any apparent cause, within three days thereafter, changing their minds, and requesting the appellee not to sue, together with the fact that the appellant Herman Medley swears most positively that no such request was made, persuasive facts and circumstances too cogent and strong to be overcome by the testimony of Mr. Williams alone, to the effect that the appellant Herman Medley should have said, months afterwards, that "he was sorry that he had not made Tandy sue before."

The jury could not have based their verdict upon the ground that no notice, in writing, was served on the appellee to sue. Their verdict, therefore, must have been based upon the ground that the appellants had, within a few days after the notice was given, changed their minds and requested the appellee not to sue. In this, we are constrained to say, their verdict was clearly against the weight of the evidence. Mr. Williams also testified, over the objections of the appellants, that, several months after the notice was given, Mrs. Medley told him that she did not want him to sue. This conversation occurred after one or more circuit courts had passed from the time of giving the notice. The evidence was incompetent, because, by the failure of the appellee to sue at the next term at which he could have sued after receiving the notice, the appellants were released from all liability on the note, and any request made by them, or either of them, after such release, was without any consideration whatever, and did not revive their liability on the note.

The appellee failed to allege in his petition that the appellant Herman Medley had received any personal estate by his wife, or that he had collected and appropriated any rents arising from his wife's land, or that he had realized any profits arising from the use of her land. Notwithstanding this, the lower court rendered judgment against him for the debt, interest and costs, which was to be "levied only on such property as he may have acquired from the said Amanda by virtue of his marriage with her." The appellants complain of this as error. They contend that no judgment could have been rendered on the petition against the

appellant Herman Medley, because the petition failed to allege any of the foregoing matters in reference to the appellants having received any estate from his wife, and that to entitle the appellee to a judgment against him, the petition should have alleged what estate the appellant had received by his wife, and its value, and then have asked personal judgment against him for that amount. We can not agree to this proposition.

This court, in the case of Beaumont v. Miller, &c., 1 Met., 68, decides that in such actions the plaintiff need not allege that the husband received any estate outside of land by his wife. That in the absence of such allegation the plaintiff is entitled to judgment against the husband, to be levied only upon such estate as came to him by his wife, independent of her real estate. The logic of that case is sound, and to the reasons therein announced it may be added, that the rule contended for by appellant might subject the creditor to a multiplicity of suits before he could obtain his rights, because if the husband, at the time the debt became due, had received no estate from the wife outside of her real estate, then no suit could be maintained against him; or if he had received some estate by his wife, but not enough to pay the debt, then judgment could be obtained against him only to the extent of the value of the property received, and the suit dismissed as to the balance of the debt, and after awhile another suit, if the husband had acquired any other property by his wife, would have to be brought to recover judgment against him for the value of that property, and so on. Also, the rule contended for would deprive the creditor of the benefit of a judgment against

the husband, and a return of no property found, so as to reach such estate as could not be otherwise reached. For these reasons, together with the reasons expressed in the case *supra*, we are not inclined to overrule it.

The judgment of the lower court overruling the appellants' motion for a new trial is reversed, and the case is remanded with directions to grant appellants a new trial, and for other proceedings consistent with this opinion.